**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Kevin W. Capell, a/k/a Kevin Capell #283227, | ) ) ) | Case No. 5:21-cv-3765-RMG |
| Plaintiff, | ) ) | **ORDER AND OPINION** |
| v. | ) ) | |
| Director Patricia Ray; Major Lumpkin; and Capt. Willie Sweat, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 71) recommending Defendants' motion for summary judgment (Dkt. No. 54) be granted. For the reasons set forth below, the Court adopts the R&R as the order of the order of the Court and grants Defendants summary judgment.

### I.    Background

Plaintiff, a pre-trial detainee, filed this action pro se pursuant to 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights under the Fourteenth and Eighth Amendments. (Dkt. No. 1). Plaintiff then amended his claims to add facts related to the allegations raised in his initial filing. (Dkt. No. 37).

Defendants moved for summary judgment. (Dkt. Nos. 54, 67). Plaintiff opposes. (Dkt. No. 66).

On January 6, 2023, the Magistrate Judge filed an R&R recommending that Defendants' motion for summary judgment be granted. (Dkt. No. 71).

Plaintiff did not file objections to the R&R.

Defendants' motion is fully briefed and ripe for disposition.

-1-

## II.    Legal Standards

### a.  Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### b.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### c.  Fed. R. Civ. P. 56

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions

of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.    Discussion

Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

Stated simply, Plaintiff alleges that while at Sumter-Lee Regional Detention Center Defendants violated the Eighth and Fourteenth Amendments by moving him from B-Pod to C-Pod, where he allegedly had a higher risk of contracting COVID-19.  Plaintiff alleges that Defendants were also deliberately indifferent to him testing positive for COVID-19. Plaintiff further alleges two Defendants failed to properly respond to his grievances and that said individuals are liable under a theory of supervisory liability. *See* (Dkt. No. 71 at 1-4, 10-17).

After a thorough review of the R&R and the applicable law, the Court adopts the R&R in its entirety and hereby incorporates the R&R by reference. As explained in detail in the R&R, even reading all facts in a light most favorable to him, Plaintiff has put forth no evidence from which a reasonable factfinder could conclude Defendants violated any of his constitutional rights.  For the

reasons stated in the R&R, the Magistrate Judge correctly found: (1) Defendants were entitled to Eleventh Amendment immunity to the extent Plaintiff's claims were brought against them in their official capacities, (Dkt. No. 71 at 6-7); (2) Defendants Lumpkin and Sweat were entitled to summary judgment under any theory of supervisory liability, (*Id.* at 7-10); (3) Defendants were entitled to summary judgment on Plaintiff's constitutional claims, including that his move from B-Pod to C-Pod was an unconstitutional "punishment" or that Defendants were deliberately indifferent to a serious medical need of Plaintiff's, (*Id.* at 10-17); and that (4) Defendants were entitled to qualified immunity, (*Id.* at 17-18). The Magistrate Judge also correctly determined this action should not count as a "strike" against Plaintiff under § 1915(E) and § 1915(A). (*Id.* at 18).

## IV.    Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 71) as the order of the Court and **GRANTS** Defendants' motion for summary judgment (Dkt. No. 54).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

March 6, 2023
Charleston, South Carolina